**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| *Plaintiff* | § | |
| | § | **SA-17-CR-00290-XR** |
| -vs- | § | **SA-19-CV-00795-XR** |
| | § | |
| **(1) GILBERT VASQUEZ,** | § | |
| *Defendant* | § | |

**ORDER**

The matter before the Court is Movant Gilbert Vasquez's amended motion to vacate, set

aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 76).

**Background**

Movant Gilbert Vasquez was indicted on April 19, 2017 on two counts: (1) possession

with intent to distribute 500 grams or more of a mixture or substance containing a detectable

quantity of cocaine and 50 grams or more of a mixture or substance containing a detectable

quantity of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B); and (2)

felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). ECF No. 13.

On February 12, 2018, the parties submitted a plea agreement, in which Movant agreed to

plead guilty to Count One and the Government would move to dismiss Count Two. ECF No. 36.

According to the factual basis in the plea agreement, Vasquez was in his vehicle when he was

arrested, was Mirandized, and was interviewed. ECF No. 36. The factual basis further states that

Vasquez stated that he received the firearms found during the search of his residence as payment

for narcotics. *Id.*

In the plea agreement, Vasquez agreed that the Court could impose a sentence up to the

maximum allowed, that he "voluntarily and knowingly waives the right to appeal the sentence on

1

any ground," that any estimate of the sentencing range received from defense counsel is not a promise and did not induce the guilty plea, and that he could not challenge the sentence imposed by the Court, even if it differed substantially from any range estimated by his counsel. *Id.* Vasquez further agreed that he "voluntarily and knowingly waives any right to contest the sentence or the manner in which it was determined in any post-conviction proceeding, including, but not limited to, a proceeding pursuant to 28 U.S.C. § 2255; provided, however, that consistent with principles of professional responsibility imposed on the Defendant's counsel and counsel for the Government, the Defendant does not waive the right to challenge the sentence on grounds of ineffective assistance of counsel or prosecutorial misconduct of constitutional dimension." Vasquez further acknowledged that he had reviewed the merits of the charges and possible defenses with his counsel, the advantages and disadvantages of pleading guilty, the terms and meaning of the plea agreement, and the consequences of pleading guilty. *Id.*

The Court referred the case to Magistrate Judge Chestney to administer the plea of guilty and the Federal Rule of Criminal Procedure 11 allocution, subject to final approval and imposition of sentence by the district court. ECF No. 37. Magistrate Judge Chestney took the guilty plea on February 23, 2018. ECF Nos. 38, 39. She issued a Memorandum and Recommendation on February 23, 2018, finding that Movant was competent to stand trial, consented to plead guilty before a magistrate judge, fully understood the nature of the charges and the penalties, understood his constitutional and statutory rights and desired to waive them, made the plea freely, knowingly, and voluntarily, and that there was a factual basis for the plea. ECF No. 41. She therefore recommended that the guilty plea be accepted. *Id.*

The Court accepted the plea on February 26, 2018. ECF No. 42. The PSR noted that, as part of the plea agreement, the Government would recommend a three-level reduction for

acceptance of responsibility and would recommend a sentence at the low end of the guideline range. ECF No. 48. The PSR noted that, after his arrest, Vasquez admitted selling narcotics and admitted receiving firearms as payment for narcotics. The PSR noted that two 9mm pistols and a 12 round of .40 caliber ammunition were found at Vasquez's home, but the Probation Office "has no information indicating the proximity of the firearms to the drugs." The PSR noted that, at the time of his arrest for Count One, Vasquez was in possession of a 9mm handgun and "[p]ursuant to USSG §2D1.1(b)(1), increase by two levels," for an adjusted offense level of 30.[1] The PSR reduced the offense level by three points for acceptance of responsibility, resulting in a total offense level of 27. With a total offense level of 27 and a criminal history category of IV, the guidelines provisions were 100-125 months, with 100 months as the recommended sentence.

Movant was sentenced on June 28, 2018. ECF No. 54. Vasquez's counsel Garcia objected to the two-point enhancement for the firearm on the basis that the PSR indicated that the probation officer lacked information on the proximity of the gun to the drugs. Garcia further noted that Vasquez was arrested in his car and did not have a weapon on him, indicating he was not the type of actor that protected his stash with weapons, and the drugs were in a safe in the kitchen, while the unloaded weapons were found in a closet approximately 25 to 30 feet from where the drugs were found. The Government responded that Vasquez had admitted to receiving the guns as payment for drugs, which established proximity. The Court indicated that either theory – location proximity or receipt of guns as payment – could support the enhancement, and further found that even if the guns were unloaded, they were in sufficient proximity to where the drugs were stored that they could be used to attempt to protect his stash. The Court therefore overruled the objection ("[A]ny objection to paragraph 16 is overruled. It's correctly calculated."), accepted the plea agreement, and sentenced Vasquez to a total term of one hundred

---

[1] USSC § 2D1.1(b)(1) states, "If a dangerous weapon (including a firearm) was possessed, increase by 2 levels."

months, with credit for time served since April 5, 2017, and four years of supervised release. *Id.* The Court expressly stated that, "In the event that I've erred, in the enhancement of plus two, the sentence would be the same." *Id.* at 14.

Movant filed his initial motion under § 2255 on July 8, 2019, raising several claims of ineffective assistance of trial counsel and asking to be resentenced without the two-point firearm enhancement. ECF No. 65. Movant further asked the Court to expand the record, permit discovery, and conduct an evidentiary hearing.

Specifically, Movant asserted that he was not given a copy of the PSR before sentencing and was told by his attorney to just say that he had been given an opportunity to read the report prior to that date. Movant contended that he was therefore not aware that he would be given a sentence enhancement for the firearm since the felon in possession charge had been dismissed. Movant contended he objected at sentencing and when the Court asked defense counsel if he needed time to explain it to his client, his lawyer "brushed it off and wanted to proceed regardless of his client's confusion." However, any such objection and question by the Court is not included in the sentencing transcript. Movant further asserted two ineffective assistance of counsel claims based on counsel's failing to challenge the fact that he was never read his *Miranda* rights and failing to move to suppress his statements and failing to subject the prosecution's case to meaningful adversarial testing. The Government filed a response in opposition and provided an Affidavit from Vasquez's trial counsel Rolando Garcia. ECF No. 73.

On January 21, 2020, this Court noted that all factual assertions in support of Movant's motion were contained in the unsworn memorandum in support, and thus directed Movant to file an amended motion, sworn under penalty of perjury, wherein he would assert the factual

allegations in support of his claim. Movant was admonished that the amended motion would supersede and replace the pending motion. ECF No. 75.

In his amended motion, filed February 21, 2020, Movant again argues that he should not have received a two-point enhancement for the gun because the firearm charge was dismissed as part of the guilty plea. Movant contends that because the charge was dismissed, any underlying evidence or unlawful act in connection with that charge should be excluded for purposes of triggering enhancements, and counsel's failure to challenge the enhancement shows counsel was ineffective. In response to the question on the form as to why he did not raise this issue on direct appeal, Movant asserts that he told his lawyer to file an appeal, but he did not. Movant contends he only entered the plea agreement based his attorney's advice that he would not receive a two-level enhancement and that he would object if the probation officer recommended it. Movant asks the Court to reduce his sentence by eliminating the two-point enhancement.

### Legal Standard

Ineffective assistance of claims are generally governed by the standard in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). That standard "requires a showing that counsel's performance was deficient, in that it fell below an objective standard of reasonableness, as well as a showing of prejudice, which is defined as a reasonable probability that counsel's error changed the result of the proceeding." *Perillo v. Johnson*, 205 F.3d 775, 781 (5th Cir. 2000).

"A voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant." *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *see also Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). Moreover, "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Therefore, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the

offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991) (citation omitted). This includes all ineffective assistance of counsel claims "except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." *Glinsey*, 209 F.3d at 392.

A § 2255 motion requires an evidentiary hearing unless either (1) the movant's claims are clearly frivolous or based upon unsupported generalizations, or (2) the movant would not be entitled to relief as a matter of law, even if his factual assertions were true. *United States v. Allen*, 918 F.3d 457, 460 (5th Cir. 2019). To obtain a reversal, a movant must provide "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." *United States v. McDaniels*, 907 F.3d 366, 370 (5th Cir. 2018). However, if the movant's showing consists of conclusory allegations or is otherwise "inconsistent with the bulk of [his] conduct," there is no need for an evidentiary hearing. *Id.* (alteration in original) (citation & quotation marks omitted). The Court finds that no hearing is required here inasmuch as Vasquez has been afforded the opportunity to clarify his allegation that he directed his attorney to file an appeal and he has not availed himself of that opportunity.

### Analysis

**Failure to file a motion to suppress**

Vasquez contends his counsel was ineffective for failing to file a motion to suppress based on the fact that he was not read his *Miranda* rights. However, the record contradicts Vasquez's assertion that he was not read his *Miranda* rights, given that his factual basis in the plea agreement states that Vasquez was *Mirandized* and interviewed. ECF No. 36 at 4. Vasquez also agreed that the factual summary in his plea agreement was accurate at his plea hearing. ECF

71 at 26. Garcia's affidavit further states that Vasquez never indicated to him that he was not *Mirandized*. At sentencing, Garcia stated that Vasquez was read his *Miranda* rights and used Vasquez's post-*Miranda* statements to argue for a downward departure, thus making a strategic decision concerning Vasquez's statements.

Thus, everything in the record indicates Vasquez was *Mirandized*, and the in-court statements are afforded a presumption of verity. Vasquez makes only a conclusory assertion now that he was not read his *Miranda* rights and that counsel should have filed a motion to suppress on that basis. Counsel was not ineffective for failing to file a motion to suppress on this basis when the facts indicate Vasquez was *Mirandized*, counsel believed he was *Mirandized*, and counsel made a strategic choice to use Vasquez's statements to argue for a downward departure. In addition, Vasquez waived this challenge by signing his plea agreement.

**Failure to provide opportunity to review PSR/object to enhancement**

Vasquez pled guilty on February 23, 2018, and the PSR was filed on May 25, 2018. Movant contends he was not given an opportunity to review the PSR or discuss it with his attorney before sentencing on June 27, 2018. Thus, he contends he was surprised by the two-level enhancement for use of a firearm.

In contrast, Garcia's Affidavit states it is his routine presentencing protocol to deliver a copy of the PSR to the Defendant and to instruct the Defendant to review it and list any areas of concern that could be discussed on a follow-up visit. Garcia states that, at the follow-up visit, he and Vasquez discussed potential defensive strategies concerning the two-point weapon enhancement, and counsel informed Vasquez "that objections based upon the proximity/accessibility theory would be filed to counter the weapon enhancement." Garcia states Vasquez requested an objection based upon a "weapon traded for drug" theory, but counsel

provided him case law in support of counsel's refusal to file the requested objection. Although Garcia failed to timely file objections to the PSR, he did provide them to the U.S. Probation Officer a day prior to sentencing and objected at the sentencing hearing.

The Government contends that, at sentencing, Movant's counsel stated that, "[s]ubsequent to the completion of the PSR, Mr. Vasquez shared with me that when he was 18, 19 years of age he suffered from depression," and this shows that Movant communicated with his counsel between the PSR being filed and his sentencing as "Mr. Garcia would not have known these facts if he did not review the PSR with Vasquez." Representations of Movant's lawyer carry strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). As noted, although Vasquez contends that he raised the issue of his confusion about the enhancement at sentencing, this is not in the sentencing transcript.

Further, the two-point enhancement was properly applied. The enhancement applies "if the weapon was present [during a drug-trafficking offense], unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1(b)(1), cmt. n. 11(A). The application of the enhancement relates to the drug-trafficking charge, Count One, and it applies regardless of whether Count Two was ever brought or was dismissed pursuant to the plea agreement. Thus, the fact that Count Two was dismissed does not preclude application of the enhancement, and Vasquez's belief that the gun had to be excluded with the dismissal of Count Two is simply incorrect. The Court found sufficient firearm presence and proximity during the offense to apply the enhancement. Garcia made the objection, and was unsuccessful. Counsel cannot be faulted for the lack of success of his objection. *Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983). But even if the enhancement should not have been applied, the Court expressly stated that it would have entered the same sentence without the enhancement. Thus,

any failure on the part of counsel to provide the PSR to Vasquez before sentencing and to discuss it, and any inclusion of the two-point enhancement in the PSR and any failure of counsel to successfully object to it, could not have caused Vasquez any prejudice. Thus, Vasquez fails to establish ineffective assistance of counsel in this regard.

**Whether the plea was unknowing/involuntary**

"The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). "The conditions for a valid plea require, among other things, that the defendant have notice of the charges against him, understand the constitutional protections waived, and have access to the advice of competent counsel." *United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007). Vasquez contends that his plea was not knowing and voluntary because his counsel told him he would not get the two-level enhancement.

The record indicates that Vasquez's plea was knowing and voluntary. Within the plea agreement, Vasquez acknowledged his understanding of the plea agreement and the sentencing guidelines. ECF No. 36. The plea agreement also explicitly informed Vasquez that the Court "has jurisdiction and authority to impose any sentence within the maximum statutory penalty." The plea agreement further made clear that "the Defendant acknowledges that he reviewed the merits and the charges and possible defenses that Defendant may have; the advantages and disadvantages of pleading guilty; . . . ; and the consequences of pleading guilty . . . and still wants to plead guilty in this case." Vasquez was clearly aware of the possibility of a two-level enhancement when he entered the plea, because he states in his amended motion that Garcia told

him he would object to the PSR if the probation officer recommended such an enhancement.  As noted, Garcia did object to the enhancement at sentencing.

Moreover, Vasquez agreed in his plea that the Court would decide the appropriate sentence and that any estimate of the probable sentence or advisory sentencing range provided to Defendant by counsel was not a promise and was not binding on the Court. In fact, he expressly agreed that any estimate of the sentencing range from defense counsel "did not induce the guilty plea." ECF 36 at 6. He agreed he "cannot challenge the sentence imposed by the District Court, even if it differs substantially from any sentencing range estimated by ROLANDO GARCIA" and he knowingly and voluntarily waived the right to appeal the sentence or appeal it despite "[r]ealizing the uncertainty in estimating what sentence Defendant will ultimately receive." *Id.*

The plea hearing transcript also demonstrates that Vasquez understood the plea agreement and entered into it voluntarily and knowingly. Vasquez stated he had had enough time to talk about his case with his lawyer and any defenses he might have. ECF No. at 6. He stated he had read his plea agreement and understood it. *Id.* at 7. He understood he could be sentenced between five and forty years, and that the district judge could sentence him to any reasonable term between the minimum and maximum. *Id.* at 13, 15. He stated he was pleading freely, voluntarily, and with full knowledge of the consequences. *Id.* at 18.

When a defendant states at his hearing that his plea is freely and voluntarily made, and that he understands the nature of the charges against him and the nature of the constitutional rights he is waiving, these statements create a presumption that in fact the plea is valid. *See Matthew v. Johnson*, 201 F.3d 353, 366 (5th Cir. 2000). Vasquez stated his understanding that any promises by his counsel about his sentencing would not bind the Court. Moreover, even if Garcia did promise Vasquez he would not get the two-level enhancement and Vasquez entered

into the plea agreement with that belief, Magistrate Judge Chestney conducted an adequate plea hearing wherein he was clearly advised and acknowledged his understanding that the Court could set any sentence within the range and no promises or predictions by counsel would bind the Court. "An erroneous sentencing prediction by counsel is not ineffective assistance of counsel where . . . an adequate plea hearing was conducted." *Buck-Soltero v. United States*, No. SA-5-11-CR-787-XR (W.D. Tex. Mar. 7, 2017) (*citing United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007)). Moreover, the Court made clear at sentencing that it would impose the same sentence without the enhancement.

**Failure to file a notice of appeal ("NOA")**

Vasquez contends that his counsel failed to file an appeal as he requested. Garcia did not address this issue in his Affidavit. In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court held that the failure to file a requested NOA is *per se* ineffective assistance of counsel, with or without a showing that the appeal would have merit. *Id.* at 483-86. When an attorney fails to file a NOA when requested to do so, the defendant need not demonstrate that he would have been able to raise meritorious issues on appeal. *Id*. at 477-78. Instead, the defendant must only demonstrate that there is a reasonable probability that, but for counsel's failure, he would have timely appealed. *Id*. at 484, 486. The rule of *Flores-Ortega* applies even when a defendant has, as Vasquez did here, waived his right to direct appeal and collateral review. *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007). "In such circumstances, if the petitioner is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and the petitioner will be entitled to file an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of his appeal waiver." *Id.*

11

The Government contends that Vasquez makes only a conclusory statement, waited almost a year to file his § 2255 motion, and presents no evidence that he requested his attorney file a notice of appeal or that he made any attempt to contact his attorney or the courts about an appeal. The Government contends that counsel had no reason to think that Vasquez wanted an appeal since he entered a plea and received a sentence at the low end of the guidelines, avoiding the charge in Count Two, and he waived his right to appeal or challenge his sentence. The Government argues that Vasquez's one-line statement that he requested an appeal must fail.

This Court previously noted that Vasquez provides no facts in support of his assertion that he asked his attorney to file a notice of appeal, and the Court gave Vasquez an opportunity to provide facts in support of his claim. ECF No. 78. Vasquez did not respond to the Court's Order and has provided no additional factual support for his claim. Accordingly, Vasquez has failed to make an adequate showing that he asked counsel to file an appeal.

Other than asserting that he directed his attorney to file a notice of appeal, Movant provides no further information. He does not state when he told his counsel to file a notice of appeal to demonstrate the notice of appeal would have been timely filed. He does not provide any information on how he made the instruction and, if made in an in-person conversation, where the conversation occurred. Nor does he present any corroborating evidence. As noted Movant was given an opportunity to provide factual support, but did not do so. Thus, the Court finds he is not entitled to any relief on this claim.  *See Ramos v. United States*, No. SA-11-CR-836-XR, 2014 WL 4784236, at *12 (W.D. Tex. July 29, 2014), report and recommendation adopted, 2014 WL 4783026 (W.D. Tex. Sep. 24, 2014); *see also Herrera-Alvarez v. United States*, No. 7:08-cr-1751-10, 2015 WL 13227805, at *2 (S.D. Tex. Aug. 10, 2015) ("An allegation, such as Movant's, that states nothing more than 'I told counsel to file an appeal, but

12

counsel failed to do so' or language similar to that, standing alone, is conclusory."), report and recommendation adopted, 2015 WL 13217056 (S.D. Tex. Oct. 20, 2015).

**Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a proceeding under section 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability ("COA") may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial or dismissal of Vasquez's Section 2255 Motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Thus, a certificate of appealability shall not be issued.

**Conclusion**

IT IS THEREFORE ORDERED that Movant Gilbert Vasquez's Amended Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 76) is DENIED.

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

It is so **ORDERED**.

SIGNED this 8th day of September, 2020.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE